UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUSTEN HENDERSON,

                Plaintiff,

-against-

NYCHA and CITY OF NEW YORK,

                Defendants.
-------------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
19-CV-7249 (AMD)

ANN M. DONNELLY, United States District Judge:

On December 23, 2019, the *pro se* plaintiff, currently incarcerated at the Anna M. Kross Center on Rikers Island, filed a complaint against the City of New York and the New York City Housing Authority for issues unrelated to his incarceration. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* is granted for the purposes of this order, and the complaint is dismissed for failure to state a claim.

## BACKGROUND

The factual allegations are drawn from the complaint and assumed to be true for the purposes of this order. On July 14, 2017, at approximately 1:00 a.m., two unknown men shot the plaintiff in the knee in front of the Hammel Houses in Far Rockaway, Queens. (ECF No. 1 at 7.) The plaintiff, who was visiting his girlfriend, believes that the assailants mistook him for another person. (*Id.*) The plaintiff claims that NYCHA and the City are liable for his injuries because they failed to maintain a safe environment and neighborhood. (*Id.*) He alleges violations of the Eighth and Fourteenth Amendments (*id.* at 3) and requests $320,000 in damages (*id.* at 7).

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Even under that standard, his complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Furthermore, 28 U.S.C. § 1915(e)(2)(B), which allows poor plaintiffs to file lawsuits without paying the usual filing fee, requires a district court to dismiss a case when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal

2

statutes that it describes." *Ostroski v. Town of Southhold*, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). The challenged conduct must (a) be attributable at least in part to action under the color of state law, and (b) deprive the plaintiff of a right guaranteed under the Constitution of the United States. *Id.* (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted)).

The plaintiff claims that NYCHA and the City violated his constitutional rights by failing to maintain a safe environment near public housing. But there is no such constitutional right. The Eighth Amendment, which prohibits "cruel and unusual punishments," applies to criminal punishment. *See Ingraham v. Wright*, 430 U.S. 651, 666 (1977) ("In light of this history, it is not surprising to find that every decision of this Court considering whether a punishment is 'cruel and unusual' within the meaning of the Eighth and Fourteenth Amendments has dealt with a criminal punishment."). Because the plaintiff was not incarcerated at the time he was injured—and because his injury is entirely unrelated to incarceration—the Eighth Amendment does not apply. Moreover, the Fourteenth Amendment does not require public housing authorities to provide safe conditions for residents and guests, much less obligate them to control the malicious conduct of third parties. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (finding no "constitutional guarantee of access to dwellings of a particular quality"); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process clause.").

At most, the plaintiff's complaint alleges that NYCHA and the City were negligent in not preventing gun violence on public housing property. Merely negligent conduct, however, is not actionable under any constitutional provision. *See Davidson v. Cannon*, 474 U.S. 344, 347-48

(1986) ("Respondents' lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process clause was designed to prevent.") (citation omitted).

## CONCLUSION

The complaint is dismissed for failure to state a claim. Any state law claims are dismissed without prejudice. The Court grants the plaintiff leave to file an amended complaint within thirty days of the date of this order. If the plaintiff does not file an amended complaint within thirty days, the complaint will be dismissed and judgment will enter. No summons will issue at this time, and all further proceedings will be stayed for thirty days. If the plaintiff chooses to amend his complaint, he must assert a federal cause of action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

**SO ORDERED.**

                                                                             s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       February 24, 2020